### TAGLIEBER v BERTSCH

Ohio Appeals, 2nd Dist, Shelby Co

No 81.   Decided Dec 1, 1931

Charles Hall, and Cummins Taylor, Sidney, for plaintiff in error.

Mills and Doorley, Sidney, for defendant in error.

HORNBECK, J.

This suit is instituted by the plaintiff and the burden rests upon him in the first instance to show an unwarranted assault. On the affirmative defense the burden is upon the defendant.

There seems to be little doubt that the attempted assault upon Mr. Fogt by the defendants was unjustified though the provocation may have been great if Fogt used the language which the defendant imputes to him. But, it is not claimed that the defendant attempted in any way to attack plaintiff or Mr. Fridley in the first instance notwithstanding Fridley and the plaintiff laid hands upon the defendant; they say with a perfectly proper motive and in the light of subsequent events this seems reasonable. However, it must be borne in mind that the happenings took place under a certain heat of blood and the jury may have given to the facts that intendment which was within its province, viz, that the defendant believed and had good reason to believe that he was being attacked. The propriety of the action of the defendant must be considered in the light of all the circumstances among which was the disparity in the numbers of the defendant and plaintiff and his friends and their apparent superior ability and power to do him bodily harm, if so purposed. His statement that he was not afraid would not prevent

a construction of the facts that he reasonably believed he was in danger. If the defendant was justified in believing that he was being assaulted then the jury may have felt he did not use undue force in meeting the assault. This would be true, notwithstanding the fact that the defendant may have used more force than was actually needed to repel any assault which he felt was being made upon him. The jury, likewise may have believed, as the defendant claims, that he did not know who he was grabbing nor what part of his body.

Granting to the jury that right, which it clearly has under our form of legal procedure, to determine the credibility of witnesses, we cannot say that its judgment of the probative effect of the testimony offered is so manifestly against the weight thereof as to require our intervention to set aside the judgment.

The part of the charge of the Court to which our attention is directed is as follows:

"But if the evidence and circumstances here indicate to you that Taglieber was holding his (Bertsch's) hand or arm while some other one was performing or doing something else in the way of holding Bertsch in order that someone else might strike him or commit asasult upon him or if the situation was such that Bertsch believed that and thought he was in imminent danger then he would be warranted in using force to relieve himself of that situation."

We believe there was some testimony to establish all the premises of this portion of the charge just quoted. Of course, the record clearly discloses that the plaintiff was holding Mr. Bertsch's hand and that while he was holding his hand Mr. Fridley had his arms around his neck, and, though controverted, the defendant testified Mr. Fogt was standing in a menacing attitude with his fist drawn as though purposed to strike him. The jury, therefore, had a right to say whether or not in that situation the defendant believed that he was in imminent danger, in which event he would be justified in using reasonable force to repel such force as was applied to him.

We find no error in this charge manifestly prejudicial to the cause of the plaintiff.

Had the jury on the evidence appearing in the record determined that the defendant had used more force than the circumstances reasonably required, we would not be disposed to disturb its verdict, but it saw fit to resolve the testimony against that contention and in favor of the claims of the defendant. Finding no error in this record which is manifestly prejudicial to the plaintiff the judgment must be affirmed.

ALLREAD, PJ and KUNKLE, J, concur.